Jones, J. (dissenting).
I would reverse the order of the Appellate Division, concluding as I do that the Additional Grand Jury which returned the indictments in these cases was illegally constituted and that the indictments must accordingly be dismissed. I agree with the views set forth in the dissenting opinion of Mr. Justice Mtjnder at the Appellate Division.
No one questions that this Additional Grand Jury was not impaneled in literal compliance with the applicable provisions of statute and court rule. The sole issue is whether, in that circumstance, indictments by this Grand Jury may nonetheless *511 somehow be salvaged because it can be said that the conduct of the Grand Jury proceedings was not unreasonable per se and that the rights of appellants were not prejudiced. I cannot agree with the analysis adopted by the majority which I find strained.
I fully recognize the pragmatic disadvantages of a decision which we are told would result in the nullification of some 19 indictments, as to some of which intervening events may have precluded representation to a properly constituted Grand Jury. Rules become truly significant, however, when to observe them brings cost or burden.
In my view, as Judge Desmond wrote in dissent in People v. Prior (294 N. Y. 405, 418): “ We deal not with technicalities but with the integrity of a public judicial institution [the Grand, Jury], probably the oldest in existence, and with the protection thereunder of important private rights.”
Any contention that an irregularly constituted Grand Jury becomes illegal only if those indicted can demonstrate individual prejudice is an invitation to endless litigation in what could become a myriad of cases to delineate the boundary between material and immaterial prejudice, with all of the disadvantages which attend unpredictability.
In a day when the rules and regulations which have both structured society and facilitated its activities are under assault from so many quarters I confess to great discomfort that our court should lend its auspices to the counsels of expediency on an issue of such basic jurisdictional importance as the constitution of the Grand Jury.
Judges Jasen and Rabin concur with Judge Stevens; Chief Judge Breitel concurs in the opinion by Judge Stevens in a separate opinion; Judge Jones dissents and votes to reverse in a separate opinion in which Judges Gabrielli and Wachtler concur.
In each case: Judgment affirmed.
(Next page is 513)